**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Paul G. KOEHLER, III, Defendant–
Appellant.**

No. 01–5366.

United States Court of Appeals,
Sixth Circuit.

Sept. 9, 2003.

Jerry R. Kitchen, Asst. U.S. Attorney, U.S. Attorney's Office, Jackson, TN, for Plaintiff–Appellee.

Paul G. Koehler, III, pro se, Millington, TN, for Defendant–Appellant.

Before SILER, BATCHELDER, and COOK, Circuit Judges.

## ORDER

Paul G. Koehler, III, appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In June 2000, Koehler pleaded guilty to conspiring to possess 500 grams or more of cocaine, 100 kilograms or more of marijuana, and 30 milligrams or more of flunitrazepam (Rohypnol), all with intent to distribute, in violation of 21 U.S.C. § 846, and possessing a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). Koehler was sentenced to a total of 138 months of imprisonment. Koehler has filed a timely appeal.

On appeal, Koehler's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and he submits the following issues for review: 1) whether Koehler's indictment was valid; 2) whether Koehler entered a valid guilty plea; 2) whether Koehler was properly sentenced. Koehler has not responded to counsel's motion.

■ Counsel correctly argues that Koehler's indictment was valid. To pass constitutional muster: 1) an indictment must set forth all the elements of the charged offense and give notice to the defendant of the charges against him; and 2) an indictment must sufficiently specify the offense so as to enable the defendant to raise a double jeopardy defense in a subsequent proceeding, if charged with the same crime based on the same facts. *Russell v. United States,* 369 U.S. 749, 763–64, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); *United ed States v. Martinez,* 981 F.2d 867, 872 (6th Cir.1992). Generally, the test is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards. *United States v. Webb,* 747 F.2d 278, 284 (5th Cir.1984). A valid guilty plea waives all non-jurisdictional defects in a defendant's indictment. *See Tollett v. Henderson,* 411 U.S. 258, 261–67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

A review of the indictment establishes that it clearly set forth all the elements of the drug conspiracy and firearms offenses that Koehler was charged with, and it gave him notice of the charges. Moreover, the indictment sufficiently specified the drug conspiracy and firearms offenses so as to enable Koehler to raise a double jeopardy defense in a subsequent proceeding, if charged with the same crime based on the same facts.

■ Koehler entered a valid guilty plea. A plea of guilty is valid if entered voluntarily, knowingly, and intelligently; its validity is determined under the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Here, the district court properly accepted Koehler's guilty plea. The record reflects that Koehler understood the rights he was waiving, he understood the potential penalties associated with his crimes, and he acknowledged his guilt to the crime. Hence, his plea was valid.

The record reflects that the district court properly sentenced Koehler. A de-

fendant may only seek review of his sentence on the grounds that: 1) the sentence was imposed in violation of law; 2) the sentence was imposed as a result of an incorrect application of the guidelines; 3) the sentence represented an upward departure from the applicable guidelines range; or 4) the sentence is a plainly unreasonable sentence imposed for an offense for which there is no sentencing guideline. 18 U.S.C. § 3742(a); *United States v. Lively,* 20 F.3d 193, 196–97 (6th Cir.1994); *United States v. Lavoie,* 19 F.3d 1102, 1103 (6th Cir.1994).

Koehler has not presented any issues which fit these criteria. Koehler's total offense level was 28 and his Criminal History Category score was I. This resulted in a total guidelines imprisonment range of 78–97 months. Thus, Koehler's sentence of 78 months was within the applicable guidelines range. The firearms conviction resulted in a consecutive 60 month sentence, and there are no guidelines involved in the firearm count.

Moreover, despite an arithmetic error (in Koehler's favor in converting pounds to kilograms), the presentence investigation report properly set forth the amount of drugs attributable to Koehler. Counsel also correctly argues that Koehler was not entitled to a reduction under USSG § 3B1.2 as a minor participant because Koehler had essentially provided the conspirators with a warehouse to store drugs and he agreed to participate in the distribution of the drugs. *See, e.g., United States v. Lloyd,* 10 F.3d 1197, 1220 (6th Cir.1993). In addition, the district court properly denied Koehler's request for a downward departure for substantial assistance because the government had not filed a motion for such a departure. The government declined to file such a motion because Koehler had declined to "wear a wire" or to testify against his co-conspira-

tors. The district court properly sentenced Koehler to four years of supervised release, as a 1988 amendment to 18 U.S.C. § 924(c) raised the maximum supervised release period to five years. Finally, Koehler's sentence for his drug conviction did not exceed the statutory maximum and was not in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

In addition, we have reviewed the record, including the transcripts of the plea and sentencing hearings, and discovered no error warranting reversal of Koehler's conviction or sentence.

Accordingly, we grant counsel's motion to withdraw, and affirm the judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.